UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID JONATHAN THOMAS, | ) | 3:13-cv-00508-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Doc. # 22** |
| JAMES COX, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's "Motion to Re-Open Discovery FRCP 56 (d) (e) (f)." (Doc. # 22.)[1] Defendants have opposed (Doc. # 26) and Plaintiff has replied (Doc. # 28.)

Plaintiff's motion primarily relies on Rule 56(d) of the Federal Rules of Civil Procedure which allows a party to ask the court to delay consideration of a motion for summary judgment to afford the party opposing the motion to take discovery.[2] Rule 56(d) provides as follows:

> (d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery or
> (3) issue any other appropriate order.

The record reflects Defendants are seeking summary judgment on the grounds Plaintiff failed to exhaust his administrative remedies, i.e., that he did not fully and completely "grieve" the contentions

---

[1] Refers to court's docket number.

[2] Plaintiff also cites subsections (e) and (f) of Rule 56, but the gravamen of his motion is predicated upon rule 56(d), i.e., to "Re-Open Discovery to find facts necessary to litigate and dispose of defendants' Motion for Summary judgement (sic)." (Doc. #22 at 1.) This argument only implicates the provisions of subsection (d).

which are the subject of his complaint. (Doc. # 18.) The record also reflects, however, that Plaintiff has already opposed the Defendants' motion. (Doc. # 21.) Plaintiff's opposition does not contain any request to allow him to conduct discovery or obtain affidavits or declarations which Plaintiff contends he needs to oppose Defendants' motion; instead, Plaintiff appears to have addressed the substantive issue of whether he has properly and completely exhausted the Nevada Department of Corrections (NDOC) grievance process. (Doc. # 21.)[3] It was not until two weeks later that Plaintiff filed his motion to re-open discovery.

A motion to defer consideration of a motion for summary judgment must be timely made. Typically the 56(d) request must be made before a party files a response to the pending motion. *cf. Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091, n. 5 (9th Cir. 2009) (decision made under predecessor provision to 56(d), i.e., 56 (f)). Plaintiff's motion to re-open discovery was not filed until some two weeks after he submitted his opposition to Defendants' motion, and as noted above, his response contained no request to defer resolution of the motion to allow Plaintiff to, as he now describes it, "find facts necessary to litigate and dispose of the Defendants' motion." (Doc. #22 at 1.)

Generally speaking, before the courts will defer resolving a motion for summary judgment pending further discovery, the courts will typically require a Rule 56(d) movant to make three showings: first, a description of the particular discovery the movant intends to seek; second, an explanation by the movant showing how that discovery might preclude the entry of summary judgment; and third, a statement justifying why this discovery had not been or could not have been obtained earlier. *See, e.g., Hicks v. Johnson*, 755 F.2d 738, 743 (1st Cir. 2014).

The *Hicks* decision also noted that even if the litigant submits the explanations required under Rule 56(d), "the district court is entitled to refuse a Rule 56(d) motion if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplementary discovery." *Hicks*, 755 F.3d at 743 (citations omitted).

Plaintiff's motion fails to satisfy the Rule 56(d) requirements. He does not identify the proposed discovery relevant to the issues presented by the Defendants' motion (i.e., exhaustion of administrative

---

[3] The Defendants have replied to Plaintiff's Response. (Doc. # 23.)

remedies) which he wants to undertake. Instead, he mainly criticizes the nature of his meals, e.g., whether peanut butter is an appropriate vegetarian kosher meal, and other matters not particularly germane to the issues attendant to Defendants' motion for summary judgment. As such, Plaintiff also fails to demonstrate how this discovery would assist the court in resolving the Defendants' motion.[4]

Plaintiff's reply memorandum is based on what he calls "the principle of Dirty Hands." (Doc. # 28.) It again reiterates a claim of whether Plaintiff is entitled to a vegetarian kosher meal (*id.*, at 2) and also includes a copy of Doc. # 27, Plaintiff's "Motion for the Court to be a Witness" (*id* at 4).[5]

No discovery is necessary to determine whether Plaintiff exhausted his remedies with respect to his grievances in accordance with NDOC administrative requirements; either the grievance process was exhausted or it was not. The court fails to see how discovery on the grievances would clarify any disputed fact. Plaintiff certainly provides no elucidation on that subject.

The court, in its discretion, therefore **DENIES** Plaintiff's motion to re-open discovery (Doc. # 22).[6]

**IT IS SO ORDERED.**

DATED: March 6, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[4] The third component, why the proposed discovery was not undertaken earlier, might be excused because the discovery deadline (December 3, 2014; Doc # 15) expired before Defendants filed their motion for summary judgment.

[5] The court denied this motion at Doc. # 31.

[6] Subsequent to the preparation of this order, the court received Plaintiff's Motion to Consider this Case in View of Attached Documents. (Doc. # 27.) The court will consider whether the materials and argument submitted with Doc. # 27 should be utilized with regard to his response (Doc. # 21) to Defendants motion for summary judgment (Doc. # 18), after Plaintiff's Motion to Consider has been fully briefed.