UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID JONATHAN THOMAS, | ) | 3:13-cv-00508-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | March 16, 2015 |
| JAMES COX, et al., | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

   Before the court is Defendants' motion to stay briefing (Doc. # 34) on Plaintiff's Cross-Motion for Summary Judgment (Doc. # 24).  Defendants' rationale is that pending before the court is Defendants' own motion for summary judgment (Doc. # 18) which argues that "Plaintiff failed to timely and properly exhaust his administrative grievances pursuant to the Nevada Department of Corrections Administrative Regulations as required by the Prison Litigation reform Act (PLRA)." (Doc. # 34 at 2). Defendants submit that their motion for summary judgment (Doc. # 18) would be dispositive of Plaintiff's action, and as it is now fully briefed, should be decided before the court turns to Plaintiff's cross motion.  Defendants therefore ask the court to stay briefing on Plaintiff's cross motion. (Doc. # 34 at 3.)

   Plaintiff's cross motion (Doc. #24) is untimely. The scheduling order required any dispositive motions by January 2, 2105.  (Doc. # 15). On motion of Defendants (Doc. # 16), the court granted Defendants' request to extend the time for Defendants to file a dispositive motion to January 27, 2105. (Doc. # 17)  Plaintiff did not similarly file any request to extend the time to file a dispositive motion. Therefore, Plaintiff's motion is untimely.

///
///

**MINUTES OF THE COURT**
3:13-cv-00508-RCJ-WGC
Date:  March 16, 2015
Page 2

      However, the court is not at this time going to deny Plaintiff's motion on a timeliness basis. Because Defendants present good cause to rule on their "exhaustion" motion first, the court will instead administratively dismiss Plaintiff's cross-motion (Doc. # 24). If this court recommends that Defendants' motion (Doc. # 18) should be granted, and if the recommendation is adopted by the District Judge Plaintiff's cross-motion would be moot as the case would be dismissed. If, conversely, this court finds that Defendants' motion should be denied and that report is adopted, then at that time this court will determine how to proceed on Plaintiff's cross motion.

      Defendants' motion to stay briefing on Plaintiff's cross-motion for summary judgment (Doc. # 34) is **DENIED AS MOOT** in light of the administrative dismissal of Plaintiff's cross-motion for summary judgment (Doc. # 24).

      **IT IS SO ORDERED.**

                                              LANCE S. WILSON, CLERK

                                      By:  /s/
                                                  Deputy Clerk