1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID JONATHAN THOMAS,

Plaintiff,

v.

JAMES COX, et. al.,

Defendants.

3:13-cv-00508-RCJ-WGC

**ORDER**

Re: Docs. # 27 and # 33

12    Before the court are Plaintiff's Motion to Consider this Case in View of Attached

13  Documents (Doc. # 27)[1] and Defendants' Motion to Strike Plaintiff's Motion to Consider this

14  Case in View of Attached Documents (Doc. # 33).

15    In his motion, Plaintiff asks the court to consider additional documents in determining

16  whether or not Plaintiff exhausted his administrative remedies, the issue Defendants have raised

17  in their pending motion for summary judgment. (Doc. # 18.) Plaintiff already filed a response to

18  the motion for summary judgment; therefore, Defendants characterize the instant motion as an

19  attempt by Plaintiff to file a sur-reply, which they argue should be stricken. (Doc. # 33.)

20    Defendants are correct that the motion for summary judgment is fully briefed and the

21  Local Rules only contemplate the filing of a motion, response and reply; they do not permit the

22  filing of a supplemental response or sur-reply. LR 7-2(a)-(c). Even if the court treated Plaintiff's

23  motion as one seeking leave of court to file a supplemental response or sur-reply, good cause

24  does not exist to grant Plaintiff this relief. Plaintiff's motion attaches 138 pages of documents,

25  many of which were already provided in connection with the briefing on the motion for summary

26  judgment, and the rest of which have no bearing on the court's analysis of the motion. (Doc.

27

28

---

[1] Refers to court's docket number.

1   # 27-1, Doc. # 27-2.) In fact, all of the documents germane to the motion for summary judgment

2   are included with the briefing on that motion.

3          The gist of Plaintiff's motion is that the court should consider this documentation in

4   connection with his argument that he did fully exhaust his administrative remedies and that he

5   was not able to attach copies of his first level grievance to his second level grievance because the

6   caseworker kept those copies. (Doc. # 27 at 1-2.) Plaintiff sufficiently expressed this argument in

7   his response to Defendants' motion for summary judgment. Therefore, there is no basis for the

8   court to consider these additional materials in its analysis of Defendants' motion for summary

9   judgment.

10         Therefore, Plaintiff's motion (Doc. # 27) is **DENIED**, and Defendants' motion to strike

11  (Doc. # 33) is **DENIED AS MOOT**.

12  **IT IS SO ORDERED**.

13

14  June 19, 2015.                    _____

15                                    WILLIAM G. COBB
                                      UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28