**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID JONATHAN THOMAS,

  Plaintiff,

vs.

JAMES COX, et al.,

  Defendants.

3:13-cv-00508-RCJ-WGC

**ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 49) concerning Defendants' Motion for Summary Judgment (ECF No. 18). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has conducted its *de novo* review in this case and has fully considered the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 3–2. The Court respectfully rejects the Magistrate Judge's recommendation that Defendants' Motion be denied. Accordingly, Defendants' Motion for Summary Judgment is granted on the ground that Plaintiff has failed to exhaust his administrative remedies set forth in the Nevada Department of Corrections' ("NDOC") Administrative Regulations ("AR").

///

///

**I. FACTS AND PROCEDURAL HISTORY**

The Court agrees with the Magistrate Judge's description of the facts and procedural history of this case, as well as the articulation of the applicable rules and issues under review. Plaintiff, David Jonathan Thomas, is an inmate currently incarcerated within the state-wide prison system at Northern Nevada Correctional Center operated by the NDOC. Between January 1, 2011, and January 25, 2015, Plaintiff filed seven grievances. It is undisputed that the only grievance relevant to Plaintiff's complaint is Grievance 2006-29-42178 ("Grievance"), wherein Plaintiff demanded a vegetarian kosher diet. (Resp. ¶ 25, ECF No. 21; Grievance 4–6, ECF No. 18-4.) All of his grievances were denied, after which Plaintiff filed suit. Following the required screening, Plaintiff was allowed to proceed with the three claims at issue here. Defendants have moved for summary judgment, to which Plaintiff has filed a response (ECF No. 21) and Defendants filed a reply (ECF No. 23).

**II. SUMMARY JUDGMENT STANDARDS**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving

2

party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477

3

1  U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are
2  to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely
3  colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. ANALYSIS**

**A. Failure to Exhaust Administrative Remedies Defense**

As the Magistrate Judge has pointed out, Defendants' Motion is determined based on whether or not Plaintiff has exhausted his administrative remedies before bringing suit. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C.A. § 1997e(a). Under the Prison Litigation Reform Act an inmate must exhaust his administrative remedies "regardless of the relief offered through the administrative procedures." *Booth v. Turner*, 532 U.S. 731, 741 (2001).

The Ninth Circuit has held that "defendants must produce evidence proving failure to exhaust in order to carry their burden. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied…." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014).

Defendants' Motion on the ground that Plaintiff has not exhausted his administrative remedies triggers a specific burden shifting scheme under *Albino.* Defendant's burden is to prove that the prisoner did not exhaust an available administrative remedy, and if carried, the burden then shifts to Plaintiff to proffer evidence that "the existing and generally available

4

administrative remedies were effectively unavailable to him." *Id.* at 1172. However, the ultimate burden of proof remains with Defendant. *See id.*

### B. Administrative Remedies under NDOC AR 740

AR 740 lays out the process whereby a prisoner may express and resolve grievances. A prisoner must first attempt to resolve his grievance informally by communicating with his caseworker, and if there is no informal resolution the prisoner may then file a written informal grievance. If he is dissatisfied with the response, he may then file a first level and ultimately a second level grievance if the first level response proves unsatisfactory. Only after the filing of a second level grievance has the prisoner exhausted his administrative remedies. (ECF No. 18-3.)

AR 740.09(4) also states that "an inmate's failure to re-submit the grievance in the proper form and within the prescribed time frame shall constitute abandonment." Additionally, the Supreme Court has held that "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

### C. Grievance 2006-29-42178

It is undisputed that Grievance 2006-29-42178 is the only grievance connected to Plaintiff's complaint. (Resp. ¶ 5, ECF No. 21.) The Court must therefore determine if Plaintiff's grievance has (1) exhausted all administrative remedies available under NDOC AR 740; and (2) exhausted all remedies regarding each claim for relief pled in the complaint.

The Court finds that Plaintiff failed to exhaust his administrative remedies. Plaintiff filed Grievance 2006-29-42178 at the informal level on April 26, 2012; however, the grievance was returned to him for failure to state a remedy. (Grievance 4, ECF No. 18-4.) Plaintiff then filed an

1  amended informal grievance, requesting a vegetarian kosher diet. After his informal grievance

2  was denied, Plaintiff filed a first level grievance which was also denied. (Grievance 5, ECF No.

3  18-4.) Plaintiff then filed a second level grievance which was returned to him as improper

4  because second level grievances must have copies of all prior level grievances attached.

5  (Grievance 6, ECF No. 18-4.) Plaintiff failed to amend his second level grievance and file it

6  before bringing the present action. Similar to Plaintiff's first improper grievance at the informal

7  level, the second level grievance required an amendment in order to be considered properly filed.

8  Plaintiff argues that the responsibility of attaching previous level grievances belongs to the

9  grievance case coordinator. However, copies of all grievance documents are returned to the

10 inmates that file them. (AR 740.02(5).) Additionally, Plaintiff admits to having a copy in his

11 possession that he could have attached. (Grievance 6, ECF No. 18-4.) The grievance coordinator

12 has a right to demand documentation and support in order to properly forward the grievance to

13 the appropriate party. Plaintiff's failure to re-submit the grievance in the proper form and within

14 the prescribed time frame constitutes an abandonment. (AR 740.09(4).) Therefore, plaintiff

15 failed to exhaust all the administrative remedies held out to him by the NDOC.

16    The court also finds that Plaintiff's grievance did not exhaust all remedies regarding each

17 claim for relief pled in the complaint. Grievance 2006-29-42178 does not allege the issues raised

18 in the complaint. Count I of Plaintiff's complaint alleges that he requested through Chaplain

19 Hummel a kosher vegetarian diet. (EFC No. 4 at 5.) Count II alleges that in April of 2012,

20 Plaintiff was denied a kosher Passover meal (*Id.* at 6.). And Count III alleges that defendant Baca

21 is liable as a supervisor based on the allegation that he failed to properly train and supervise a

22 subordinate. (*Id.* at 7.) Grievance 2006-29-42178 did not provide adequate notice to Defendants

23 concerning Plaintiff's complaints; the Grievance failed to include Plaintiff's request through

24

1 Chaplain Hummel for a kosher vegetarian diet, his denial specifically of a kosher Passover meal,

2 or Defendant Baca's liability. (*Cf.* Grievance 4–6, ECF No. 18-4 *with* Compl. 5–7, ECF No. 4.)

3 Therefore, Plaintiff failed to exhaust all remedies held out in the AR regarding the issues pled in

4 the complaint.

5       Therefore, the Court finds that Defendants have carried their burden of proving Plaintiff

6 failed to exhaust all his administrative remedies before bringing suit in court; Defendants'

7 Motion is GRANTED.

**CONCLUSION**

9       IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation be

10 rejected.

11       IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is

12 GRANTED and final judgment should be entered accordingly.

13       IT IS SO ORDERED.

14 Dated: July 27, 2015

_____
ROBERT C. JONES
United States District Judge