UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DAVID JONATHAN THOMAS, | Case No.  3:13-cv-00508-RCJ-WGC |
| Plaintiff, | **MINUTES OF PROCEEDINGS** |
| vs. | |
| | February 15, 2017 |
| JAMES COX, *et al*., | |
| Defendants. | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>   Katie Lynn Ogden   </u>      REPORTER:  <u>             FTR             </u>

COUNSEL FOR PLAINTIFF:  <u> David Jonathan Thomas, Pro Se (Telephonically) </u>

COUNSEL FOR DEFENDANTS:  <u> Clark Leslie (Telephonically)                </u>

**MINUTES OF PROCEEDINGS:** Status Conference

9:05 a.m.  Court convenes.

The court holds today's conference following the Ninth Circuit Court of Appeals mandate (ECF No. 72) entered on 1/12/2017 and spread upon the records of this Court on 1/18/2017 (ECF No. 75).

The court interprets the Ninth Circuit Court of Appeals memorandum (ECF No. 70) to have decided, insofar Plaintiff's grievances are concerned, they are no longer at issue and that the case will proceed on the substantive matters of Plaintiff's complaint (ECF No. 4).

Deputy Attorney General Leslie respectfully disagrees with the court's interpretation of the Ninth Circuit Court of Appeal's memorandum.  DAG Leslie argues the case was remanded to determine whether or not the Nevada Department of Corrections Administration Regulation 740 sufficiently expresses the requirement that inmates are to attach prior grievances and grievance responses when submitting an informal grievance.  It is the Defendants' position that this case will be dismissed.

The court respectfully disagrees with DAG Leslie's interpretation of the memorandum. The court does not find the memorandum to suggest the Defendants are allowed another

Minutes of Proceedings
3:13-cv-00508-RCJ-WGC
February 15, 2017

opportunity to state the grievance was not properly exhausted because Mr. Thomas did not attach the prior level grievance. The court reiterates its interpretation that the case should be proceeding on the substantive matters of the case.

The court next addresses Plaintiff's "Motion to Reschedule Inmate Mediation Conference" (ECF No. 73). DAG Leslie states Defendants have no objection scheduling a settlement conference. Plaintiff indicates his preference is to have the court participate as the mediator for the settlement conference. DAG Leslie has no objection.

IT IS ORDERED Plaintiff's "Motion to Reschedule Inmate Mediation Conference" (ECF No. 73) is **GRANTED** and a court assisted settlement conference will be set.

The settlement conference is hereby scheduled for **Wednesday, 3/29/2017 at 10:00 a.m.** The court directs DAG Leslie to arrange for the settlement conference to be held at the Northern Nevada Correctional Center and the court will attend in person at the facility. DAG Leslie is advised that there should be two rooms designated for the conference so the parties can meet with the court in private caucus. A standard order scheduling the settlement conference will be filed hereafter. DAG Leslie shall advise Ms. Ogden of the logistics for the settlement conference once they are confirmed.

Plaintiff's "Motion to Re-Open Discovery" (ECF No. 71) is **DENIED without prejudice**. Should the settlement conference be unsuccessful, the court will enter a revised scheduling order soon thereafter.

There being no additional matters to address at this time, court adjourns at 9:32 a.m.

DEBRA K. KEMPI, CLERK OF COURT

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk