UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DAVID JONATHAN THOMAS, | Case No. 3:13-cv-00508-RCJ-WGC |
| Plaintiff, | **MINUTES OF PROCEEDINGS** |
| vs. | |
| | June 21, 2017 |
| JAMES COX, *et al.*, | |
| Defendants. | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE</u>

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>     REPORTER:   <u>          FTR          </u>

COUNSEL FOR PLAINTIFF:   <u>David Jonathan Thomas, Pro Se (Telephonically)</u>

COUNSEL FOR DEFENDANTS:   <u>Clark Leslie (Present)</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:36 p.m.  Court convenes.

The court holds today's conference to address Defendants' motion to enforce settlement agreement (ECF No. 88) and Plaintiff's motion to strike (ECF No. 90).

The court first addresses Plaintiff's motion to strike (ECF No. 90) and explains the Defendants are within their right to file a motion to enforce the settlement agreement.

IT IS THEREFORE ORDERED that Plaintiff's motion to strike is **DENIED** and the court will proceed to hear argument regarding the Defendants' motion to enforce settlement agreement.

The court next addresses the current proposed settlement agreement (ECF No. 88-2).  The parties reached a settlement agreement on 4/24/2017 (ECF No. 87) and the terms of the settlement agreement were placed on the record.  A transcript of the record has been provided to the court and parties (ECF No. 96).  The court indicates it will take into consideration Plaintiff's supplemental brief (ECF No. 98) in view of Mr. Thomas not receiving the transcript until after he filed his response (ECF No. 89) to Defendants' motion to enforce.

      The court hears argument from both DAG Leslie and Mr. Thomas as to their understanding of the terms of the settlement agreement.

      After hearing from DAG Leslie and Mr. Thomas, the court agrees the settlement agreement language needs to be revised with more specificity. DAG Leslie agrees to revise the settlement agreement language at Paragraph III, Section 5 to better characterize the types of food prepared in the Kosher custom that the Nevada Department of Corrections ("NDOC") will provide Mr. Thomas. Additionally, DAG Leslie agrees to revise Paragraph III, Section 2 , to state the correct amount of $276.55, not $275.55.

      DAG Leslie requests that Mr. Thomas verify that there are no additional pending grievances that pertain to the religious diet issue. If Mr. Thomas does come across any additional grievances, Mr. Thomas shall provide those grievance number(s) to DAG Leslie.

      DAG Leslie is advised to contact Ms. Ogden to request a hearing should a dispute develop while finalizing the settlement agreement. If a status conference is scheduled concerning the draft of the settlement agreement, the court will likely require a memorandum be filed outlining the dispute, and Mr. Thomas will be afforded the opportunity to respond.

      IT IS THEREFORE ORDERED that Defendants' motion to enforce settlement (ECF No. 88) is **DEFERRED** at this time.

      There being no additional matters to address at this time, court adjourns at 2:16 p.m.

      DEBRA K. KEMPI, CLERK OF COURT

      By: _____/s/_____
      Katie Lynn Ogden, Deputy Clerk