# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID JONATHAN THOMAS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES COX, *et al.*,<br><br>　　　　　　　Defendants. | 3:13-cv-00508-RCJ-CBC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Plaintiff's motion for a temporary injunction (ECF No. 125), Defendants' opposition to the motion (ECF No. 128), and Plaintiff's reply (ECF No. 129). For the reasons described below, the court recommends that the motion be denied.

## I.　　RELEVANT PROCEDURAL HISTORY AND FACTS

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently incarcerated at the Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. Proceeding *pro se*, Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendant NDOC Director James Cox, NNCC Warden Baca, Kathryn Reynolds, James Stogner and Scott Kahler violated his First Amendment Rights to free exercise of religion and statutory claims pursuant to the Religious Land Use and Institutionalized Persons Act (RLIUPA). (ECF No. 1-1 at 1-4.) Plaintiffs claims arise out of allegations that defendants allegedly failed to provide him with kosher meals between 2011 and 2013. (*See* ECF No. 1-1).

On April 3, 2014, the District Court screened Plaintiff's complaint and dismissed all claims against Defendant Cox. (ECF No. 3.) However, Counts I, II and III were allowed to proceed as to the remaining defendants. Lengthy pretrial litigation ensued.

On September 26, 2018, Plaintiff filed the instant motion for temporary injunction seeking that the court enter an injunction and/or temporary restraining order prohibiting the destruction of alleged videos of the culinary area of NNCC for various dates between August 22, 2018 through September 11, 2018. (ECF No. 125). Plaintiff's motion simply states that the court must enter this injunction otherwise the videos would be destroyed in "30 days!" (ECF No. 125 at 1).

Having read and considered each of the above filings, the Court makes the following recommended disposition.

## II.   DISCUSSION

### A.   Legal Standard

Preliminary injunctions and temporary restraining orders are governed by the same legal standard. *See Quiroga v. Chen*, 735 F.Supp.2d 1226, 1228 (D. Nev. 2010). Such remedies are "extraordinary and drastic . . . [and] never awarded as of right[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted).  When moving for a preliminary injunction or restraining order, the plaintiff must make several showings: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Other considerations may apply to injunctive relief within the prison context.  First, a more stringent standard applies where a party seeks affirmative relief. Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits.  *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary

2

injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, mandatory preliminary relief is only warranted where both the facts and the law clearly favor the moving party and "extreme or very serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009) (internal quotation omitted). Second, the Prison Litigation Reform Act ("PLRA") provides that, with regard to prison conditions,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Therefore, the PLRA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

**B.  Analysis**

Here, Plaintiff's Motion has failed to establish that an injunction or restraining ordered should be issued in this case. Plaintiff's motion is devoid of any facts or information explaining why the extraordinary remedy of an injunction or restraining order should be imposed in this case. (See ECF No. 125 at 1-2). In fact, Plaintiff's motion did not mention – much less establish - any of the required factors necessary for the imposition of the extraordinary remedy requested. (*Id.*) Therefore, Plaintiff's motion should be denied.

In addition, Plaintiff's motion has failed to establish how the evidence contained on videotapes from 2018 have any relationship to the injuries alleged in the complaint, all of which occurred between 2011 and 2013. The Supreme Court has observed that a motion for preliminary injunction must seek relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, a court may not enjoin conduct relating to "a matter lying wholly outside the issues

in the suit." (*Id.*)  In the same vein, the Ninth Circuit recently ruled that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  Absent a sufficient "relationship or nexus, the district court lacks authority to grant the relief requested."  (*Id.*)

Here, Plaintiff's motion claims that the court should issue an injunction requiring NDOC to preserve videotapes from the culinary section of NNCC between several dates in August and September, 2018. In his reply, he claims that he needs this footage "to prove that NDOC/NNCC does not follow the kosher rules." (ECF No. 129 at 2). Even assuming the videotapes to contain evidence related to the preparation of kosher meals at NNCC, this does not relate to any actions that may or may not have been taken by the named defendants between 2011 and 2013 as it relates to kosher meals.  As such, Plaintiff has failed to show any relationship between the injury complained of in Plaintiff's motion and to the allegations contained in the complaint.  According, this court lacks authority to grant the relief requested in Plaintiff's motion and the motion should be denied. *See Pac. Radiation Oncology,* 810 F.3d at 636.

**III.   CONCLUSION**

Having found that Plaintiff's motion fails establish any of the necessary factors required for the imposition of an injunction or restraining order and that the allegations in the motion do not relate to the underlying complaint, the court concludes Plaintiff's motion should be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,  the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled

"Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## iV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for temporary injunction (ECF No.125) be **DENIED.**

DATED: October 24, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

5